# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| R WAYNE JOHNSON, #282756 | § | |
|    *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv369 |
| | § | |
| COLLIN COUNTY, et al., | § | |
|    *Defendants* | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner filed a response, which the Court construes as objections.

Having made a de novo review of the objections raised by Plaintiff to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. In his objections, Plaintiff appears to argue the Magistrate Judge lacked authority to issue the Report and Recommendation. However, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A)-(B), permits such delegation of authority by the district court. The fact that the Parties have not consented to proceed before a magistrate judge does not affect the Court's power to delegate to the Magistrate Judge authority to resolve non-dispositive matters and to make recommendations regarding dispositive matters. *See Lineberry v. United States*, 436 F. App'x 293, 295 (5th Cir. 2010) (per curiam) (affirming dismissal of pro se plaintiff's claim that "magistrate judge lost all jurisdiction" based upon plaintiff's lack of consent). The Court has such power to delegate even without the Parties' consent because, for matters both dispositive and non-dispositive, "the ultimate

decision-making authority [is] retained by the district court." *Id*. (quoting *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)). The Court overrules Plaintiff's objection regarding the Magistrate Judge's authority.

Plaintiff also appears to argue he was not required to comply with the Court's order (Dkt. #4) to "either pay the $400 filing fee or submit a certified *in forma pauperis* data sheet reporting his trust fund activities for the last six (6) months." However, as the Report and Recommendation states, "a district court may dismiss an action for failure to prosecute or to comply with any order of the court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

Petitioner failed to comply with the orders of the Court. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** the complaint is **DISMISSED** without prejudice for want of prosecution and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas. All motions by any party not previously ruled upon are **DENIED**.

**SIGNED this 14th day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE